In the Matter of the Application of JOHN T. WEST, JR., for Admission to the Bar, Nunc Pro Tunc

NO. 7340

JUNE 8, 1979

RICHARDSON, C.J., OGATA, MENOR, JJ., RETIRED JUSTICE KOBAYASHI AND CIRCUIT JUDGE LUM ASSIGNED BY REASON OF VACANCIES

*Per Curiam*. Applicant, who presently serves as a district family judge in the family court of the first judicial circuit of this state, requests in this "Application for Admission to the Bar, Nunc Pro Tunc" that he be admitted to the Hawaii bar effective September 14, 1940, nunc pro tunc, without being required to take the regular written examination otherwise required of Hawaii bar applicants pursuant to Supreme Court Rule 15(f). Alternatively, counsel for Applicant has orally moved that this court declare that Applicant has been licensed to practice law in this jurisdiction since at least June 14, 1973, when Applicant was appointed a district family judge. Applicant has heretofore not been granted by this court a formal license to engage in the general practice of law.

Counsel for Applicant has explained that the sole purpose of the instant application is to ensure Applicant's eligibility for retention as a district family judge under the new judicial selection procedures mandated by the 1978 amendments to the Hawaii Constitution. Article VI, § 3 of the amended constitution provides in pertinent part that:

> Justices and judges shall be residents and citizens of the State and of the United States, and *licensed to practice law by the supreme court*. . . . A judge of the district court shall have been *so licensed for a period of not less than five years* preceding nomination.

(Emphasis added).

This court concludes, after careful consideration of the arguments advanced by Applicant, that a granting of the application for nunc pro tunc admission effective 1940 would defeat the purpose and intent of the law practice requirement embodied in Article VI, § 3. Similarly, a declaratory judgment by this court that Applicant has effectively been licensed to practice law since at least 1973 would also appear to subvert the intent of the constitution.

According to the application, Applicant graduated from an accredited law school in 1935, and has been duly admitted to the practice of law in the State of Arkansas and before the United States District Court for the District of Hawaii and the United States Supreme Court. Applicant has never been the subject of any investigation or proceeding for professional misconduct. Additionally, counsel for Applicant stated that Applicant has never taken the bar examination in Hawaii.

Applicant served honorably in the armed forces of the United States for over 26 years. He has been a legal resident of Hawaii since at least 1940. Upon Applicant's retirement from the military service in 1966, the senior judge of the family court of the first circuit appointed Applicant a family court referee. Family court referees were not required to be admitted to the practice of law. R.L.H. 1955, § 333-7 (Supp. 1965). On June 14, 1973, Applicant was appointed a district family judge pursuant to legislation permitting incumbent family court referees to be appointed as district family judges although not admitted to the bar. S.L.H. 1973, c. 219, § 5. Until the State constitution was amended in 1978, the constitution required only that supreme court justices and circuit court judges be admitted to the bar. But Article VI, § Sec. 3 of the amended constitution, as quoted *supra*, now broadly requires that "[j]ustices and judges shall be . . . licensed to practice law by the supreme court", with district court judges being required to be "so licensed for a period of not less than five years preceding nomination."

In seeking to meet the above constitutional qualifications, Applicant first requests that he be admitted to the bar nunc pro tunc effective 1940, without being required to take a written examination, based on a former provision of Supreme

Court Rule 15 which waived the requirement of a written examination for applicants who joined the military service prior to the first bar examination occurring after an applicant's graduation from law school. More specifically, the cited provision, which was promulgated in 1942, waived the requirement of a written examination for applicants who were residents of Hawaii on September 14, 1940 and who joined the military service "between the time of . . . graduation from an approved law school . . . and the next ensuing regular examination." Applicant shows by affidavit that he was a resident of Hawaii on September 14, 1940, but he fails to allege that he joined the military service between the time of his law school graduation and the next ensuing bar examination. On the contrary, Applicant graduated from law school in 1935 and did not join the military service until an unspecified date, apparently four or five years later. Moreover, the provision upon which Applicant relies was abrogated in 1948. An application at this time relying upon that provision is clearly untimely.

Thus the cited 1942 provision does not support a waiver of a written examination on Applicant's behalf. But even assuming arguendo that Applicant is entitled to a waiver of the written examination based on the 1942 provision, and assuming that Applicant is therefore entitled to admission to the bar, it does not follow that admission to the bar should be made *nunc pro tunc* effective September 14, 1940. Applicant fails to cite any instances where other applicants have been granted nunc pro tunc admission, either under the 1942 provision or under any other rules of this court. We believe that a nunc pro tunc admission would not only defeat the purpose and intent of the five-year practice requirement embodied in amended Article VI, § 3, *supra*, but would also nullify, vitiate, or render meaningless the requirement that a person must be licensed to practice law by the supreme court prior to one's entry into law practice.

For the above reasons, we deny the application for nunc pro tunc admission effective 1940.

Applicant's alternative request is that this court rule that Applicant has been licensed to practice law since at least

June 14, 1973, when Applicant was appointed a district family judge. In effect Applicant is requesting a declaratory judgment by this court that Applicant, within the meaning of Article VI, § 3, *supra,* has been "licensed to practice law by the supreme court . . . for a period of not less than five years". We are unable to make such a ruling. Although Applicant's appointment as a district family judge appears to be a "license" to practice a specialized type of law, Applicant's appointment does not qualify as being "licensed to practice law by the supreme court," which clearly means being licensed under Supreme Court Rule 15. This court would not only be undermining the requirements of said Rule 15, but would also be violating the intent of Article VI, § 3, *supra,* if Applicant is declared to have been licensed to practice law since 1973.

Although this court greatly respects the Applicant and appreciates the services which he has performed, first as a family court referee and since 1973 as a district family judge, for the reasons stated herein we deny the application of the Honorable John T. West, Jr.